UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

MAX ORVEL PLUMLEE; PATRICK KIT PLUMLEE,

*Defendants-Appellants.*

No. 01-6432

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Raymond A. Jackson, District Judge.
(CR-94-2, CA-00-83-4)

Submitted: July 26, 2001

Decided: August 3, 2001

Before WILKINS, LUTTIG, and TRAXLER, Circuit Judges.

Dismissed by unpublished per curiam opinion.

## COUNSEL

Max Orvel Plumlee, Patrick Kit Plumlee, Appellants Pro Se. Helen F. Fahey, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Max and Patrick Plumlee appeal the district court's order denying their joint motion challenging the validity of their sentences under 28 U.S.C.A. § 2255 (West Supp. 2000), as untimely under § 2255 ¶ 6. On appeal, the Plumlee's contend the court below was obliged to consider their motion because the Supreme Court's recent holdings in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Richardson v. United States*, 526 U.S. 813 (1999), and *Bousley v. United States*, 523 U.S. 614 (1998), indicate the trial court lacked the subject matter jurisdiction to convict and sentence them. For reasons stated herein, we dismiss their appeal.

As a preliminary matter, this court has held that *Apprendi* is not retroactively applicable to cases on collateral review. *See United States v. Sanders*, 247 F.3d 139, 151 (4th Cir. 2001). Additionally, the Supreme Court's decision in *Bousley* preceded the filing of the Plumlees' motion by over a year. *See* 523 U.S. 614 (1998). Consequently, their motion is untimely as to each of these claims. *See* § 2255 ¶ 6. Finally, to the extent the Plumlees' raise a timely challenge to their conviction under *Richardson*, we note that the jury returned guilty verdicts as to Counts Seven through Ten and Thirteen through Fifteen, all of which are listed as predicate offenses to the continuing criminal enterprise of which they were convicted. Consequently, the district court's alleged failure to give an instruction meeting the requirements of *Richardson* constitutes harmless error. *See United States v. Brown*, 202 F.3d 691, 700 (4th Cir. 2000) (citing *United States v. Escobar de Jesus*, 187 F.3d 148, 162 (1st Cir. 1999)). Accordingly, we deny a certificate of appealability and dismiss their appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*